R.D. KIRWAN (SBN 46259)
DAVID W. NELSON (SBN 240040)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2029 Century Park East, Suite 2400
Los Angeles, California 90067-3012
rkirwan@akingump.com
dnelson@akingump.com
Telephone:   310-229-1000
Facsimile:   310-229-1001

Attorneys for Plaintiffs
FLINT GROUP INCORPORATED and
FLINT GROUP NORTH AMERICA
CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| FLINT GROUP INCORPORATED f/k/a FLINT INK CORPORATION, a Michigan corporation; and FLINT GROUP NORTH AMERICA CORPORATION, a Michigan Corporation,<br><br>                    Plaintiffs,<br>     v.<br><br>FRED HAINES & COMPANY, INC., a California corporation; and JOHN VIDAMER d/b/a LABEESH TRUCKING, an individual.<br><br>                    Defendants. | Case No.<br><br>**COMPLAINT FOR**<br><br>**(1) BREACH OF CONTRACT; AND**<br><br>**(2) NEGLIGENCE**<br><br>**[Demand For Jury Trial]** |

COMPLAINT
[Demand For Jury Trial]

Plaintiffs, Flint Group Incorporated f/k/a Flint Ink Corporation ("Flint") and Flint Group North America Corporation ("Flint North America") (together, "Plaintiffs"), bring this lawsuit against Defendants, Fred Haines & Company, Inc. ("Haines Trucking") and John Vidamer d/b/a LaBeesh Trucking ("Vidamer") (collectively, "Defendants"), for (i) breach of contract and (ii) negligence, and allege as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a)(1) and (2).

## THE PARTIES

3. Flint is a Michigan corporation with its principal place of business located in Ann Arbor, Michigan.

4. Flint North America is a Michigan corporation with its principal place of business located in Ann Arbor, Michigan. Flint North America is a wholly owned subsidiary of Flint.

5. Plaintiffs are informed and believe and thereon allege that Haines Trucking is a California corporation with its principal place of business located in Madera, California.

6. Plaintiffs are informed and believe and thereon allege that Vidamer is a resident of Pleasant Hill, California.

7. Plaintiffs are informed and believe and thereon allege that each defendant was at all times relevant the agent and/or employee of the other defendant, and in doing acts herein alleged, was acting within the scope of such agency and/or employment.

8. Plaintiffs manufacture, among other things, printing inks and toners for newspapers, magazines, packaging and commercial applications. In relevant part, these products are manufactured at a facility in City of Industry, California.

9. Plaintiffs then engage third party motor carriers, like Haines Trucking, to transport the finished products to Plaintiffs' facility in West Sacramento, California and to Plaintiffs' customers located throughout California.

## THE CONTRACT

10. In or around August 2003, Flint and Haines Trucking entered into a written contract whereby Haines Trucking agreed to perform contract trucking services for Flint in exchange for Flint's payment of negotiated rates and charges (the "Contract").

11. A true and correct copy of the Contract is attached hereto as Exhibit "A".

12. The Contract was entered into by Flint on behalf of itself and its subsidiaries, divisions, and affiliates, including Flint North America.

13. The Contract provides that, for all shipments committed to Haines Trucking, Haines Trucking is solely responsible for providing "adequately trained drivers and helpers" and ensuring "the proper performance of the trucking services herein named." (Exh. "A": ¶ III(2)(h)). The Contract further provides that all equipment used "in the performance of transportation function hereunder shall at all times be under the exclusive control of [Haines Trucking]." *Id.*

14. The Contract further provides that Haines Trucking is responsible for all loss and damage arising from the services performed under the Contract. (Exh. "A": ¶ III(2)(l)).

15. Specifically, the Contract provides that Haines Trucking shall be liable for Plaintiffs' "full actual invoice value of goods" lost during shipment, in addition to any administrative expenses incurred in filing a claim against Haines Trucking. *Id.*

16. Furthermore, the Contract provides that Haines Trucking shall hold Plaintiffs harmless for any damage to or loss of property arising from, or as a

consequence of, the services provided to Plaintiffs under the Contract. *Id.* Specifically, the Contract provides that Plaintiffs shall not be responsible for the "actions or failure of action of [Haines Trucking's] agents and drivers, including specifically any such loss or damage to persons, property or the environment alleged to be the result of escape of cargo from its shipping containers caused directly or indirectly either in whole or in part by the acts or failure to act by [Haines Trucking], its agents or drivers."

17. The Contract provides that it shall be subject to and interpreted in accordance with the laws of the State of Michigan. (Exh. "A": ¶ V(9)).

## THE SHIPMENT

18. Pursuant to the Contract, on or around February 24, 2006, Plaintiffs tendered a shipment of its finished ink to Haines Trucking.

19. The shipment was to be picked up from Plaintiffs' facility in City of Industry, California and delivered to Plaintiffs' facility in West Sacramento, California. Haines Trucking was also required to make an intermediary delivery to Plaintiffs' customer, the Stockton Record, in Stockton, California.

20. Plaintiffs are informed and believe and thereon allege that Haines Trucking assigned the shipment to one of its drivers, Vidamer.

## THE SPILL

21. On February 24, 2006, Plaintiffs relinquished control of the ink shipment and Vidamer took possession of the ink shipment at Plaintiffs' City of Industry, California facility. Vidamer was to deliver a portion of the ink to Plaintiffs' customer, the Stockton Record, and then deliver the remainder of the ink to Plaintiffs' facility in West Sacramento, California.

22. Upon arriving at the Stockton Record, Vidamer attached a fill line to the Stockton Record ink tank and started to pump ink from his tanker truck into the ink tank. While filling the tank, Vidamer returned to his truck cab, where he proceeded to fall asleep. Vidamer was later awoken by an employee of the Stockton Record.

23. While Vidamer slept, the ink tank became full and ink overflowed down the side of the tank into a containment area.

24. At or around 10:15 p.m. on February 24, 2006, Vidamer called Plaintiffs to inform them about the spill. During the call, he described how he had fallen asleep in his truck cab while filling the ink tank. He further stated that while he slept the ink tank became full and ink spilled into the containment area.

25. In order to prevent additional damage, Plaintiffs immediately contacted NRC Environmental Services ("NRC") to clean up the spilled ink. NRC began the clean-up process the next morning and ultimately completed the clean-up of the site.

26. Plaintiffs thereafter contacted Haines Trucking about the spill and clean-up efforts. Haines Trucking acknowledged the spill and ask Plaintiffs to keep them informed about the clean-up.

27. As a result of the necessary clean-up, Plaintiffs were invoiced by NRC and paid to NRC $90,802.43 in connection with ink clean-up and disposal. Additionally, Plaintiffs were required to compensate the Stockton Record $2,125 for the replacement of equipment damaged by the spill. Further, the spill resulted in the loss of Plaintiffs' ink valued at approximately $16,400.

28. Pursuant to the Contract, Haines Trucking is required to compensate Plaintiffs for the full invoice value of the lost ink and to hold Plaintiffs harmless for the damages resulting from the spill.

## THE CLAIM

29. Following the spill, Haines Trucking repeatedly refused to fulfill its contractual duties to reimburse Plaintiffs for the cost of their lost ink and the amount that Plaintiffs were required to pay to clean up the spill caused by Haines Trucking's driver.

30. Finally, on or around September 12, 2006, Plaintiffs filed a claim with Haines Trucking, seeking the compensation due to Plaintiffs under the Contract arising

from the ink spill. On or around January 2, 2007, Plaintiffs amended the claim to clarify that they seek compensation for both clean-up costs and other damages resulting from the spill and for the value of Plaintiffs' ink lost in the spill.

31. Pursuant to the Contract, within sixty days of the filing of a claim, Haines Trucking is required to pay the claim, settle the claim, or disallow the claim. (Exh. "A": ¶ III(2)(l)).

32. To date, Haines Trucking has failed to either pay, settle or disallow Plaintiffs' claim.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

### (Both Plaintiffs Against Haines Trucking)

33. Plaintiffs reassert and incorporates herein by reference the allegations contained in Paragraphs 1 through 32 above.

34. Plaintiffs and Haines Trucking entered into a valid contract, the Contract, under which Haines Trucking agreed to provide contract shipping services for Plaintiffs in exchange for the payment of agreed upon rates and charges.

35. Plaintiffs have performed all of the terms and conditions required of them under the Contract, except as excused by Haines Trucking's breach.

36. Haines Trucking has breached the Contract by, among other things:

    i) failing to compensate Plaintiffs for the "full actual invoice value" of ink lost as a result of the ink spill (Exh. "A": ¶ III(2)(l));

    ii) failing to hold Plaintiffs' harmless for damages caused by the ink spill (Exh. "A": ¶ III(2)(l)); and

    iii) failing to pay, settle or disallow Plaintiffs claim within the time provided by the contract (Exh. "A": ¶ III(2)(l)).

5
COMPLAINT
[Demand For Jury Trial]
6049557

37. Plaintiffs have been damaged as a result of Defendants' breach in an amount in excess of $109,300, in addition to attorneys' fees and costs of suit, the exact amount to be proven at trial.

## SECOND CLAIM FOR RELIEF

### (Negligence)

### (Both Plaintiffs Against Both Defendants)

38. Plaintiffs reassert and incorporate herein by reference the allegations contained in Paragraphs 1 through 37 above.

39. As a shipper of Plaintiffs' goods, Defendants owed Plaintiffs a legal duty to exercise due care in the transportation, delivery and handling of Plaintiffs' goods.

40. Vidamer negligently and carelessly failed to exercise such due care by falling asleep while filling the Stockton Record ink tank with Plaintiffs' ink, leaving the ink tank to fill without supervision, resulting in ink overflowing the tank and spilling into a containment area.

41. Plaintiffs are informed and believe and thereon allege that at all times relevant Vidamer was acting as the agent and/or employee of Haines Trucking, and in doing acts herein alleged, was acting within the scope of such agency and/or employment.

42. As a direct and proximate result of said negligent acts and omissions, a significant amount of Plaintiffs' ink was lost, which contaminated the Stockton Record containment area, requiring extensive clean-up and disposal efforts, and causing damage to the Stockton Record's equipment.

43. As a direct and proximate result of said negligent acts and omissions, Plaintiffs have been damaged in an amount in excess of $109,300, the exact amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for judgment against Defendants as follows:

1. For compensatory damages in an amount according to proof;
2. For interest thereon at the legal rate;
3. For attorneys' fees and cost of suit; and
4. For such other and further relief as the Court deems just and proper.

Dated: March 13, 2006        AKIN GUMP STRAUSS HAUER & FELD LLP


By:_____/s/ David W. Nelson_____

David W. Nelson
Attorneys for Plaintiffs
FLINT GROUP INCORPORATED and
FLINT GROUP NORTH AMERICA
CORPORATION

6049557

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury on all issues herein.

Dated: March 13, 2007        **AKIN GUMP STRAUSS HAUER & FELD LLP**

By: _____/s/ David W. Nelson_____
David W. Nelson
Attorneys for Plaintiffs
FLINT GROUP INCORPORATED and
FLINT GROUP NORTH AMERICA
CORPORATION