1

2

3

4

5               **IN THE UNITED STATES DISTRICT COURT**

6             **FOR THE EASTERN DISTRICT OF CALIFORNIA**

7

8 FLINT GROUP INCORPORATED,         CASE NO. CV F 07-0403 LJO DLB
   et al.,                              **(New Case No. CV F 07-0403 DLB)**

9

10             Plaintiff,           **SCHEDULING CONFERENCE ORDER**

11        vs.
                                 Expert
                                 Disclosure:         July 1, 2008

12 FRED HAINES & COMPANY, INC.,
   et al.,
                                 Supplemental

13            Defendants.       Expert Disclosure:   July 8, 2008

14                                    Nonexpert
                                 Discovery Cutoff:   August 1, 2008

15

16                                  Expert
                                 Discovery Cutoff:   August 20, 2008

17                                  Pretrial
                                 Motion Filing

18                                  Deadline:         September 5, 2008

19                                  Pretrial Motion
                                 Hearing Deadline:   October 6, 2008

20                                  Settlement Conf.:   Date:   August 13, 2008

21                                                  Time:   1:15 p.m.
                                                 Dept.:   10 (GSA)

22                                  Pretrial Conf.:     Date:   October 30, 2008

23                                                  Time:   8:30 a.m.
                                                 Dept.:   9 (DLB)

24

25                                  Jury Trial:         Date:   December 8, 2008
                                 (5 days est.)      Time:   9 a.m.
                                                 Dept.:   9 (DLB)

26                              /

27       This Court conducted a February 13, 2008 scheduling conference.  Plaintiffs Flint Group

28 Incorporated and Flint Group North America Corporation appeared by telephone by counsel David

                                                   1

Nelson, Akin Gump Strauss Hauer & Feld LLP.  Defendant Fred Haines & Company, Inc. appeared by telephone by counsel Jay Christofferson, McCormick Barstow Sheppard Wayte & Carruth.  Defendant John Vidmar appeared appeared by counsel Judith Whitehouse, Bullivan Houser & Bailey, P.C.  Third-party plaintiffs and third-party defendants ONI Stockton, Inc. and the Stockton Record appeared by  by counsel Susan Lauren Caldwell and Kiran Singh, Koletsky Mancini Feldman & Morrow.  Pursuant to F.R.Civ.P. 16(b), this Court sets a schedule for this action.

**1.      Amendment To The Parties' Pleadings**

The parties propose no amendment to their respective pleadings.

**2.      Consent To Magistrate Judge**

All parties consent to the conduct of all further proceedings by U.S. Magistrate Judge Dennis L. Beck.  By a separate order, this action has been reassigned to U.S. Magistrate Dennis L. Beck, and the parties are required to complete and file a Consent to Exercise of Jurisdiction by a United States Magistrate Judge, which the clerk is directed to send to counsel and which is available from this Court's webpage at http://207.41.18.73/caed/staticOther/page_947.htm.

**3.      Expert Witnesses**

Initial expert witness disclosures by any party shall be served no later than **July 1, 2008**. Supplemental expert witness disclosures by any party shall be served no later than **July 8, 2008**.  Such disclosures must be made pursuant to F.R.Civ.P. 26(a)(2)(A) and (B) and shall include all information required thereunder.  In addition, F.R.Civ.P. 26(b)(4) and F.R.Civ.P. 26(e) shall specifically apply to all discovery relating to expert witnesses and their opinions.  Each expert witness must be fully prepared to be examined on all subjects and opinions included in the designations.  Failure to comply with these requirements will result in the imposition of appropriate sanctions, which may include the preclusion of testimony or other evidence offered through the expert witness.  In particular, this Court will enforce preclusion of testimony or other evidence if F.R.Civ.P. 26(e) is not strictly complied with.

**4.      Discovery Cutoffs And Limits**

All nonexpert discovery and related discovery motions (including motions to compel) shall be completed or heard no later than **August 1, 2008**.  All expert discovery and related discovery motions (including motions to compel) shall be completed or heard no later than **August 20, 2008**.

**5.    Pretrial Motion Schedule**

All pretrial motions, both dispositive and nondispositive (except discovery motions addressed above), shall be served <u>and filed</u> no later than **September 5, 2008**.  All pretrial dispositive and nondispositive motions (except discovery motions addressed above) shall be set before the appropriate judge for a hearing to be conducted no later than **October 6, 2008**.

At the pretrial conference, the Court will set filing and hearing dates for motions in limine.

**6.    Mandatory Settlement Conference**

This Court sets a settlement conference for **August 13, 2008 at 1:15 p.m.** in Department 10 (GSA).  Unless otherwise permitted in advance by the Court, <u>the attorneys who will try the case</u> shall appear at the settlement conference <u>with the parties and the person or persons having full authority</u> to negotiate and settle the case, on any terms, at the conference.

**No later than August 6, 2008**, each party shall submit <u>directly to the settlement conference judge's chambers</u> a confidential settlement conference statement.  This statement <u>should neither be filed with the clerk of the Court nor served on any other party</u>.  Each statement shall be clearly marked "CONFIDENTIAL" with the date and time of the mandatory settlement conference indicated prominently.  Counsel are urged to request the return of their statements.  If such request is not made, the Court will dispose of the statement.

The confidential settlement conference statement shall include the following:

A.    A brief statement of the facts of the case;

B.    A brief statement of the claims and defenses (i.e., statutory or other grounds upon which the claims or defenses are based), a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses, and a description of the major issues in dispute;

C.    A summary of the proceedings to date;

D.    An estimate of the cost and time to be expended for further pretrial and trial matters, including discovery;

E.    The relief sought; and

F.    The party's position on settlement, **including the amount which or otherwise what the party will accept to settle, realistic settlement expectations**, present demands and offers, and a history

3

1 of past settlement discussions, offers, and demands.

2 This Court will vacate the settlement conference if the Court finds the settlement conference will

3 be neither productive nor meaningful to attempt to resolve all or part of this case.  As far in advance of

4 the settlement conference as possible, a party shall inform the Court and other parties that it believes the

5 case is not in a settlement posture so the Court may vacate or reset the settlement conference.  Otherwise

6 the parties shall proceed with the settlement conference in good faith to attempt to resolve all or part of

7 the case.

8 **7.    Pretrial Conference**

9 This Court sets a pretrial conference for **October 30, 2008 at 8:30 a.m.** in Department 9 (DLB)

10 of this Court.   The parties are directed to file a joint pretrial statement which complies with the

11 requirements of this Court's Local Rule 16-281.  In addition, the joint pretrial statement should include

12 a brief factual summary and an agreed upon neutral statement of the case.  An additional copy of the

13 joint pretrial statement, carefully prepared and executed by all counsel, shall be electronically filed in

14 CM/ECF and shall be e-mailed in WordPerfect format to ljoorders@caed.uscourts.gov.

15 The parties' attention is directed to this Court's Local Rules 16-281 and 16-282.  This Court will

16 insist upon strict compliance with those rules.

17 At the pretrial conference, the Court will set deadlines, among others, to file motions in limine,

18 final witness and exhibits lists, objections thereto, and other trial documents.

19 **8.    Trial Date**

20 A five-day trial is set for **December 8, 2008 at 9 a.m.** in Department 9 (DLB) of this Court.

21 At this time, the parties request no bifurcation of issues.

22 **9.    Effect Of This Order**

23 This order represents the best estimate of the Court and parties as to the agenda most suitable to

24 dispose of this case.  If the parties determine at any time that the schedule outlined in this order cannot

25 be met, the parties are ordered to notify the Court immediately of that fact so that adjustments may be

26 made, either by stipulation or by subsequent status conference.  Stipulations extending the deadlines

27 contained herein will not be considered unless they are accompanied by affidavits or declarations with

28 attached exhibits, where appropriate, which establish good cause for granting the relief requested.

4

1        Failure to comply with this order shall result in the imposition of sanctions.

2        **IT IS SO ORDERED.**

3   **Dated:    February 25, 2008                /s/ Lawrence J. O'Neill**
                                    **UNITED STATES DISTRICT JUDGE**

5